TYSON, Judge.
Billy C. Patterson appeals from the denial of his petition filed pursuant to Rule 20, A.R.Crim.P.Temp., seeking to set aside his murder conviction previously had in the Circuit Court of Houston County, Alabama.
Following a jury trial, the appellant was sentenced to 25 years’ imprisonment in the state penitentiary. He then appealed to this court where the same was affirmed without opinion.
It appears from the record before us that at least one prior post-conviction petition has been filed in circuit court and that a hearing has been held on that petition. The relief sought in that petition was denied and an appeal was taken this court from that denial. This court affirmed without opinion.
In the instant petition, the appellant raises the issue of ineffective assistance of counsel at trial. He was represented by retained counsel at trial.
The circuit court conducted a full eviden-tiary hearing on the merits of the petitioner’s allegations, and the judge stated in open court that the court was going to deny the ^petition (R. 53-54) and that a written order to this effect would be entered. The trial court then entered its order denying the petition. (R. 85.) An appeal was then perfected to this court.
The attorney general seeks to have this cause remanded to the circuit court by written motion stating that, because the order entered by the trial court refers to the fact that there had been a prior post-conviction proceeding, it is not clear as to whether this fact was partly relied upon as a basis for denying the relief requested in the present petition. See Rule 20.2(a) and (b), A.R.Crim.P.Temp.
Having examined this record, we are of the opinion that the attorney general’s mo *1055 tion is well taken. We therefore remand this cause for clarification of the trial court’s order denying the post-conviction relief sought. The trial court shall enter its order within 30 days from date of this opinion and promptly file a return including such order with this court. This order shall indicate whether the trial court relied upon the fact that there had been a prior proceeding in denying relief on the present proceeding, and, if so, to what extent. For the reasons stated, this cause is hereby remanded with directions.
REMANDED WITH DIRECTIONS.
All the Judges concur.