ON RETURN TO REMAND
TYSON, Judge.
On December 28, 1990, 574 So.2d 1054, this court remanded this cause to the Circuit Court of Houston County, Alabama, with instructions that it supplement by written order its previous order denying the post-conviction relief sought by this appellant in petitions heretofore filed in the circuit court.
The Circuit Court of Houston County has now complied and has filed its written order specifying its reasons for denying the post-conviction petition.
For clarification, we quote the first order denying post-conviction relief, dated May 1, 1989:
“ORDER
“I have considered the evidence and arguments of counsel from the hearing held on April 27, 1989. I find that Defendant’s attorneys represented him zealously and effectively. The witnesses whom the Defendant claims they failed to call would have offered cumulative testimony. Pretrial preparation was thorough and careful. Furthermore, counsel has already represented the Defendant gratuitously in a previous post-conviction motion and appeal. The Defendant has failed to establish a basis for relief predicated on any alleged statement by a juror.
“I therefore deny the motion for Rule 20 relief and order the Sheriff to return the Defendant to the proper authorities for execution of sentence. The Clerk will furnish copies of this order to the Attorney General of Alabama, the District Attorney for the 20th Judicial Circuit of Alabama, Phyllis J. Logsdon, Esq., Attorney for the Defendant, the Defendant, Billy C. Patterson, and the State Board of Corrections.
“ORDERED May 1, 1989.
“/s/ Michael Crespi, Circuit Judge 20th Judicial Circuit of Alabama.”
The second order, entered following the return to remand and dated January 2, 1991, reads as follows:
“ORDER
“I have entered this order in response to the Court of Criminal Appeals’ order of remand with instructions entered on December 28, 1990. I find that the Petitioner has had an evidentiary hearing on a post-conviction relief motion previous to the one presently under consideration. His present motion did not explain why he failed to raise the issue of ineffective assistance of counsel in his first petition. *60 I have denied Rule 20 relief because it is procedurally barred by preclusion as well as for the reasons stated in my earlier order.
“ORDERED January 2, 1991.
‘7s/ Michael Crespi, Circuit Judge Twentieth Judicial Circuit of Alabama”
We have reviewed this record and the orders of the circuit court. This cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.